DAVID W. PARHAM (SBN 15459500)
ESTHER A. MCKEAN (SBN 24122145)
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:  (214) 720-4300
Email:   david.parham@akerman.com
          esther.mckean@akerman.com
**COUNSEL FOR THE LIQUIDATING
TRUSTEE, MARK SHAPIRO, OF
THE PILL CLUB LIQUIDATING TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re | ) | Chapter 11 |
| | ) | |
| THE PILL CLUB PHARMACY HOLDINGS, LLC, *et al.*, | ) | Case No. 23-41090 (ELM) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| THE PILL CLUB LIQUIDATING TRUST | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| SAJAD ZALZALA, MD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The Pill Club Liquidating Trust (the "Trust" or "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Sajad Zalzala, MD (the "Defendant"). In support of this Complaint, Plaintiff alleges upon information and belief that:

80992713;1

**NATURE OF THE CASE**

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy cases of The Pill Club Pharmacy Holdings, LLC and its affiliated debtors (collectively, the "Debtors")[1] pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**JURISDICTION AND VENUE**

2.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of Texas (the "Court"), captioned *In re Pill Club Pharmacy Holdings, LLC, et al.,* Case No. 23-41090 (ELM), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are sections 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hey Favor, Inc. (3206), The Pill Club Pharmacy Holdings, LLC (0112), MedPro Pharmacy, LLC (1138), MobiMeds, Inc. (3165), FVR Medical Group, Inc. (6320), FVR Medical Group of New Jersey, PC (2934), FVR Medical Group of Kansas, PA (5449), and FVR Medical Group of Texas, PA (6479).

2

80992713;1

**PROCEDURAL BACKGROUND**

6.      On April 18, 2023 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

7.      On April 21, 2023, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Doc. No. 44].

8.      On July 15, 2024, this Court entered an *Order (I) Approving Debtors' Joint Disclosure Statement on a Final Basis and (II) Confirming Debtors' Joint Chapter 11 Plan of Liquidation, as Modified* (the "Confirmation Order" and "Plan," respectively). [Doc. No. 635].

9.      The effective date of the Plan (the "Effective Date") occurred on August 23, 2024. [Doc. No. 656]. In accordance with the Plan and Confirmation Order, the Pill Club Liquidating Trust (the "Trust") was established effective as of the Effective Date of the Plan, and the Debtors and the Trustee entered into that certain Liquidating Trust Agreement.

10.     Pursuant to paragraph 12 of the Confirmation Order, the Debtors' Claims and Causes of Action, including Avoidance Actions, were transferred to the Trust. [Doc. No. 635].

11.     Pursuant to Article III of the Plan and Article II of the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 in Support of Joint Chapter 11 Plan of Liquidation for Debtors* (the "Disclosure Statement"),[2] General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

---

[2] Doc. No. 569.

80992713;1

**THE PARTIES**

12.     Pursuant to the Plan, Confirmation Order, and the Liquidating Trust Agreement, Plaintiff has the capacity, in its own right and name, to prosecute, collect, compromise, and/or settle causes of action, including this avoidance action.

13.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor to or for the Debtors.

**FACTUAL BACKGROUND**

14.     As more fully discussed in the Disclosure Statement, as of the Petition Date, the Debtors were the nation's largest online provider of contraceptives, offering over 120 brands of birth control, emergency contraceptives, and female condoms to patients across the country.

15.     Prior to the Petition Date, two of the Debtors operated out of two physical pharmacy locations that shipped to all 50 states and Washington, D.C. The two pharmacies, MobiMeds, Inc. and MedPro Pharmacy, LLC (together, the "Pharmacies"), filled prescriptions and billed pharmacy insurance on behalf of patients.

16.     As operators of an on-line pharmacy, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors also regularly paid for services used to facilitate their business.

17.     During the ninety (90) days before the Petition Date, that is from January 18, 2023, through April 17, 2023 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

18.     Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements").

4

80992713;1

19.     Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements or otherwise held a debt owed by one or more of the Debtors.

20.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

21.     One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $29,860.00 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on **Exhibit A** attached hereto and incorporated by reference.

<u>**COUNT I**</u>
**Avoidance of Avoidable Transfers Under Section 547 of the Bankruptcy Code**

22.     Plaintiff incorporates paragraphs 1 through 21 as if fully realleged here.

23.     One or more of the Debtors made the Avoidable Transfers to the Defendant during the Preference Period.

24.     The Defendant was a creditor of one or more of the Debtors within the meaning of § 101(10)(A) of the Bankruptcy Code at the time of each of the Avoidable Transfers.

25.     The Avoidable Transfers made by one or more of the Debtors were transfers of an interest of one or more of the Debtors consisting of payments identified in **Exhibit A**.

26.     Each Avoidable Transfer was made to or for the benefit of the Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because each Avoidable Transfer either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

27.     Each Avoidable Transfer was made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before the Avoidable Transfer was made.

80992713;1

28.   Each Avoidable Transfer was made on or within ninety days before the Petition Date.

29.   Each Avoidable Transfer enabled the Defendant to receive more than the Defendant would have if: (a) the Debtors' cases were initiated under chapter 7 of the Bankruptcy Code; (b) the Avoidable Transfers had not been made; and (c) the Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

30.   Accordingly, Plaintiff may avoid the Avoidable Transfers under § 547 of the Bankruptcy Code.

31.   All conditions precedent have occurred.

WHEREFORE, Plaintiff, Mark Shapiro, as Liquidating Trustee for The Pill Club Liquidating Trust, demands entry of a Final Judgment: (i) determining that the Avoidable Transfers were preferential and avoidable under Sections 547 and 550 of the Bankruptcy Code; (ii) avoiding the Avoidable Transfers and entering judgment in favor of the Trustee against Defendant for the value of the Avoidable Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against one or more of the Debtors, including, without limitation, pursuant to and as provided in Section 502(d) of the Bankruptcy Code; and (iv) for such other and further relief as this Bankruptcy Court deems just and proper.

80992713;1

## COUNT II
### Avoidance of Avoidable Transfers Under Section 548 of the Bankruptcy Code

32.    Plaintiff incorporates paragraphs 1 through 21 as if fully realleged here.

33.    Count II is alleged in the alternative to Count I.

34.    One or more of the Debtors transferred the Avoidable Transfers to Defendant or for the benefit of Defendant.

35.    One or more of the Debtors received less than reasonably equivalent value in exchange for the Avoidable Transfers transferred to Defendant or for the benefit of Defendant.

36.    At the time the Avoidable Transfers were made, the Debtors were insolvent and remained insolvent continuously thereafter.

37.    At the time the Avoidable Transfers were made, the Debtors were engaged or about to engage in business or a transaction for which the remaining property of Debtors constituted an unreasonably small amount of capital.

38.    At the time the Avoidable Transfers were made, Debtors intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as they matured.

39.    The Avoidable Transfers are avoidable, and should be avoided, pursuant to and under Section 548(a)(1)(B) of the Bankruptcy Code.

WHEREFORE, Plaintiff, Mark Shapiro, as Liquidating Trustee for The Pill Club Liquidating Trust, demands entry of a Final Judgment: (i) determining that the Avoidable Transfers were constructive fraudulent transfers and avoidable under Sections 548 and 550 of the Bankruptcy Code; (ii) avoiding the Avoidable Transfers and entering judgment in favor of the Trustee against Defendant for the value of the Avoidable Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have

7

against one or more of the Debtors, or any debtor jointly administered with one or more of the Debtors, including, without limitation, pursuant to and as provided in Section 502(d) of the Bankruptcy Code; and (iv) for such other and further relief as this Bankruptcy Court deems just and proper.

**RESERVATION OF RIGHTS**

40.     Plaintiff reserves the right to bring any and all other causes of action it may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, and to the extent discovery is necessary in this action or further investigation by Plaintiff reveals such other causes of action.

DATED: April 16, 2025                              Respectfully submitted,


By: /s/ David W. Parham
    David W. Parham (SBN 15459500)
    Esther A. McKean (SBN 24122145)
    AKERMAN, LLP
    2001 Ross Avenue, Suite 3600
    Dallas, TX 75201
    Telephone: (214) 720-4300
    david.parham@akerman.com
    esther.mckean@akerman.com

    Counsel for Liquidating Trustee, Mark
    Shapiro, of the Pill Club Liquidating Trust

80992713;1